IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

( BIVENS ACTION )

RECEIVED

Ais # 218635

David Eugene Sinquefield
_____
Full name and prison number
of plaintiff(s)

v.

James H. Hadcock
_____
Paul W. Greene
_____
_____
_____
_____
Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2006 NOV 29  A 9: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NO. _____
(To be supplied by Clerk of
U.S. District Court)

2:06cv1062 - MEF

I.    PREVIOUS LAWSUITS
      A.    Have you begun other lawsuits in state or federal court
            dealing with the same or similar facts involved in this
            action?  YES (   )  NO ( ✓ )

      B.    Have you begun other lawsuits in state or federal court
            relating to your imprisonment?  YES (   )  NO ( ✓ )

      C.    If your answer to A or B is yes, describe each lawsuit
            in the space below.  (If there is more than one lawsuit,
            describe the additional lawsuits on another piece of
            paper, using the same outline.)

            1.    Parties to this previous lawsuit:

                  Plaintiff(s) _____N/a_____

                  _____

                  Defendant(s) _____N/a_____

                  _____

            2.    Court (if federal court, name the district; if
                  state court, name the county) _____N/a_____

                  _____

3.   Docket number ___N/A_____

4.   Name of judge to whom case was assigned _____

_____

5.   Disposition (for example:  Was the case dismissed?
     Was it appealed?  Is it still pending?) _____

_____N/A_____

6.   Approximate date of filing lawsuit __N/A_____

7.   Approximate date of disposition _____N/A_____

II.   PLACE OF PRESENT CONFINEMENT _Easterling Correctional
Fheility, 200 Wallace drive, Clio alabama   36017_

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _____

_N/A_____

III.  NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
      CONSTITUTIONAL RIGHTS.
             NAME                        ADDRESS

1.  _James H. Hancock    United States district Court_

2.  _for the Northern district of alabama, united State Court-_

3.  _house, 1729 5th Ave. North, Room 140, Birmingham_

4.  _alabama, 35203 (District Court Judge)_

5.  _and Paul W. Greene ( Magistrate Judge )_

6.  _Same address_

IV.   THE DATE UPON WHICH SAID VIOLATION OCCURRED _Approx.
December of 2003, January 2004. & ( May 2001 )_

V.    STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
      THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _See attached, "Facts and Jurisdictional
Statement of Complaint."_

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.  (State as best you can the time, place and manner and person involved.)

_____

_____

_____

_____

_____

GROUND TWO: _____

_____

SUPPORTING FACTS: _____

_____

_____

_____

_____

GROUND THREE: _____

_____

SUPPORTING FACTS: _____

_____

_____

_____

_____

_____

3

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
      MAKE NO LEGAL ARGUMENT.   CITE NO CASES OR STATUTES.

_See Relief On page #17_

_____

_____

_Davia C. Simmsfield_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true
and correct.

EXECUTED on _November 8th 2006_ .
                    (Date)

_Davia C. Simmsfield_
Signature of plaintiff(s)

4

Facts and Jurisdictional Statement of Complaint

2:06cv1062-MEF

## Jurisdiction

This is a "*BIVENS ACTION*" Complaint against Federal District Judge, James H. Hancock, and Federal Magistrate Judge, Paul W. Greene, in their individual Capacities, Seeking Redress directly under the Federal Constitutions 1st 4th 6th 8th 13th and 14th amendments, for Action (or inactions) under Color of Federal Authority in Violation of Title 18 U.S.C.S. §241 and §242.

## Factual Allegations of Complaint

(1) Plaintiff Contends that on December 9th 2002, He Filed a Timely filed writ of Habeas Corpus application pursuant to 28 U.S.C. §2254, in the United States District Court for the Northern District of Alabama, Hugo L. Black, United States Courthouse, 1729 5th Ave. North, Room 140, Birmingham Alabama, 35203 with the Clerk's office (Perry D. Mathis), which was Styled as CV-02-H-3004-E and Assigned to Magistrate Judge, Paul W. Greene, and James H. Hancock, Raising, inter Alia, Claims of "ACTUAL INNOCENCE", and a "CRIMINAL VICTIM OF THE TRIAL COURT," Claim to which was Arbitrarily dismissed w/o Prejudice and w/o a Hearing......

---

Jurisdiction and Venue is Proper in this Court for Many Reasons One of which is to Avoid Judicial BIAS of other Federal Colleagues Encompassed within the Northern district of Alabama (See Amended Pleadings at 22-25)

2. The Said "Actual Innocence" claim was interpreted as a claim challenging the sufficiency of the evidence, and the "Criminal Victim of the Trial Court" claim was arbitrarily ignored making mere conclusions to allegations this Plaintiff did not make .... i.e. the Said claim was NOT found to be untrue and without merit. Just merely arbitrarily rejected and ignored as such.

3. Thus, the Said Criminal Victim claim, by interpretation is "a Criminal Judicial Conspiracy Cover up, under color of State Law," by State officials in the 7th Judicial Circuit Court of Calhoun County Alabama .... The "Cover up" Being, that the Plaintiff's current Criminal Conviction of Rape 1st degree of his ex-fiance' upon her UNCORROBORATED testimony (age 43/44) Ms. Sharon Joyce Allen, i.e. No Rape kit or Body Chart performed at all, No Scratch, Bruise, Abrasion, Mark, or Ripped/Torn clothing recovered or photographed, No Burns after alleging to have been so Burned and set on fire (See Modus Operandi Code Sheet) and Complaint, which exhibit a reckless disregard for the truth, [is] the direct result of JURY TAMPERING, by the Trial Court Judge Malcolm B. Street Jr., by entering into the Jury's deliberations Room and instructing the Said Jury to Convict the defendant, due to reasonable suspicions of

(2)

a Solicited Capitol Murder Contract Taken out against the Accused, and that Sufficient Trial Court Errors Would be Committed So as to Set aside the Jury's Verdict and grant the Accused a New Trial and thereby Place Suspected parties under police investigation, after TRIAL COUNSEL for the Accused, Mr. William H. Broome, IDENTIFIED the presence of the Hired Gunman within the Trial Courts Audiance, appearing at trial to Mark His Target i.e. Implicative of Hired Gunman's Identity as KNOWN.

4. Thus, the party Suspected of the Solicitation, Was/is a Mr. Faron Burl Benefield, a Convicted and Registered felon of RAPE 1st dEGREE of AN ELEVEN YEAR old fEMALE, an Ex E-5 Military drill Sargent, Given A dishonorable discharge from Ft. McClellan Army Base (Calhoun Co.) after Entering a Plea of Guilty to Said RAPE 1st degree in 1993, Hon. Joel R. Larid presiding. 7th Judicial Circuit Court and Sentenced to 10 years Probation .... after Manipulating and Coercing His Biological younger Sister (the alleged Victim) into Conduring a Criminal Blisthood

(3)

against plaintiff of forcibly sodomizing, raping and allegedly brutally assaulting Ms. Sharon J. Allen, and then CONSPIRING with his good friend, Det. Charles Plitt of the Weaver Police-dept. (district of Calhoun Co.) to obtain warrants for plaintiff's arrest, and thereby COERCING the alleged victim to file complaints against her ex-fiancé; after an altercation between plaintiff on MARCH 25 2000, with the said Mr. Faron dual Benefield (see case No. DC-2000-1698 Harrassment DV. filed by Mr. Benefield against plaintiff: for revenge for threatening to "FIGHT" Mr. Benefield.)

5. Thus, Circumstancial Evidence, under the "TOTALITY of the CIRCUMSTANCES test (Illinois vs. Gates) are as follows: (1) plaintiff is a NON-VIOLENT, NON-Sexual offender bearing 9 prior felony convictions from Manatee County Florida (class B & C) theft cases from his early adulthood (18 to 22) one being a 2nd degree escape which was a "release" to go to work, and after work, did not return to (County) Work Release Center.. (a breach of contract). and in 1998, the plaintiff moved to Alabama and lived with his mother (now deceased) and grandmother, and in October of 1998, met the said alleged victim and had a consenting sexually intimate relationship for approx 16 months and was ACCUSED by her in March 27 2000, AFTER, plaintiff proposed marriage, she accepted, and later called off and plaintiff confessed to

(4)

Sexual unfaithfulness to her On March 24th 2000 and was leaving the Said alleged Victim with Unpaid Rent and utility Bills (2) WHEREAFTER ON March 25th 2000, The Plaintiff had a VERBAL altercation with the alleged Victim's Brother (MR. FARON DURL BENEFIELD) Just Outside Our then Place of Residence (the alleged Locus delicti) whereof Plaintiff directed a Verbal Threat to "fight" Mr. Benefield for Sticking his Nose in plaintiff's Business, Thus, See HARRASSMENT Case No. # DC-2000-1688 filed by Mr. Benefield alleging that plaintiff THREATENED to "Cut His throat and be Gone Before Anyone Could Catch Him"...

(3) Thus, On March 27th 2000, The Said alleged Victim filed Sodomy/ Rape/Assault Complaints against Plaintiff, alleging Said Assaults to Have Been On-Going for Months, But Was allegedly afraid of Making Complaints due to alleged death Threats, and alleging last forcible Sodomy/Rape offense To Have Occurred Late at Night in the Confines and Privacy of Our then Place of Residence i.e. The Said alleged Locus delicti, Making the "PROBATIVE EFFECTS" of the Said altercation of March 25th 2000, (Circumstance #2 Supra) inherently Credible, and within the "RES GESTEA" of things done That Mr. Benefield, did, Manipulate and Coerce his younger Biological Sister into CONJURING a Sexual falsity against Plaintiff and paid her unpaid Living Expenses & Over due utility Bills, and Help Her out of a Recently Signed LEASE, and Moved Her into a Trailer Owned By Mr. Benefield at 911 Smith Rd, Weaver Alabama, 36277

(4) WHEREAFTER, Magistrate Judge Peggy W. Cox (Calhoun Co.)

(5)

Issued Warrents of Arrest for Plaintiff without Probable Cause to believe, and could not have possibly Read Mr. Allen's Affidavit Complaint and Still Make an Independant Reasonable Assessment of any "ACTUAL FACTS" not "ALLEGED FACTS" that would Establish Probable Cause to believe the Existance of a Criminal offense has or was being Committed, and thus, Arbitrarily Violated plaintiff's Federally Protected 4th Amendment Constitutional Right "to be free from Arbitrary Arrests" (3) thus, there were/are No GIVEN FACTS (direct or Inference) that any Acts of "SEXUAL INTERCOURSE", ever Occurring Between the Plaintiff and His [then] Fiancé, and further Violated Plaintiff's PRIVACY RIGHTS, in His Home, which Cannot be dismissed As de Minimis, thus, the Only Exception to Privacy Rights Here, is for a Crime Committed against a Spouse by the other, thus, there is No Reasonable Cause to believe a SEXUAL ASSAULT / PHYSICAL ASSAULT ever Occurred on March 17th 2000, and in the absence of CORROBORATION, Mr. Allen's ALLEGATIONS must be presumed to be the product of a CRIMINALLY CONJURED FALSEHOOD, (4) thus, On April 22nd 2000, Plaintiff REPORTED to the Weaver Police dept. to inquire of the Warrents, i.e. No Exigent Circumstances See A.C.M. vs. State, 855 So. 2d 571 (Ala. Crim. App. 2002) Citing Ex Parte Jones, 541 So. 2d 1052 (Ala. 1989) Holding (Flight is evidence of Consciousness of Guilt) i.e. An Exigent Circumstance; Proverbs 28:1 (The Wicked flee when No Man Pursueth, But the Righteous are Bold as a Lion)(H.J.V.) (7) Thereafter, On May 12th 2000, Court Appointed

Counsel, a Mr. Mannon G. Bankson Jr., FLAT OUT LIED to plaintiff, that it was in plaintiff's BEST INTEREST to waive his preliminary hearing, despite REPEATED pleadings from Plaintiff that He was innocent of the charges, that Mr. Bankson responded "Well I won't know that until I find out about the Rape Kit," (8) and Plaintiff was NEVER Read His Miranda Rights and the document Entitled "Advice of Rights On initial Appearance before Magistrate or Judge (Felony)" Bearing Plaintiff's Signature is a FORGERY and did not know what a Preliminary hearing was, and after REPEATED advisements of Said Counsel, did Plaintiff Consent, though Reluctantly, to the Said Waiver, and Mr. Bankson Acted under COLOR of STATE LAWS, See Tower vs. Glover, 467 U.S. 914, 81 L. Ed. 2d. 758 (1984) (Appointed Counsel who Conspires with State officials to deprive client of Constitutional Rights May be found to Have Acted under Color of State Law) SEE 34 Geo L. J. Ann. Rev. Crim. Proc. 961 (2005) [Procedural Means of Enforcement under 42 U.S.C. §1983], in whom Said Counsel was Actively Conspiring with State officials, and an UNKNOWN to Plaintiff, Practicing PHYSICIAN to obtain Blood & Semen Samples from the Accused to FABRICATE a Conclusive Medical Examination i.E. a Rape Kit, of the Said alleged Victim, to be Manipulated against the Accused and CONVICT plaintiff of Sodomy/Rape and Sentence Plaintiff to LIFE WITHOUT PAROLE as a habitual offender because He is a CONVICT from Florida, after Plaintiff [Had] Been

(7)

Placed in the Calhoun County Jail Under Excessive Bonds that Exceed 200,000.00 dollars, which Was Unreasonable after Plaintiff "TURNED HIMSELF IN" and Was Arrested w/o question, (9) But However, for whatever Reasons, this fabricating of a Rape Kit Was decided against and (THEY) State Authorities Were going to "Let Plaintiff off the Hook" after One Year in the County Jail to a Guilty Plea of Sexual Misconduct..... Plaintiff did Not Come into this Knowledge until after "CELLED" with Mr. Brian "DUSTY" Pickett in the Said Jail..... Whom Later Testified against Plaintiff AT TRIAL, that Plaintiff allegedly admitted to him that He Sodomized & Raped his Ex-fiance', and Was given ONE YEAR & ONE DAY for Two Counts of Felony Theft, Ran Concurrent, for His Testimony at Trial against Plaintiff (10) That Later, Mr. Bankson filed Leave to Withdraw As Council after indictments and Asserted that Plaintiff Was allegedly Rude & Vulgar to Attorney & His Staff, which Was granted, and Attorney H. Payne Smith Was Appointed to Represent Plaintiff, but also Withdrew due to a Serious Conflict of interest, that Plaintiff Later found Represented Mr. Benefield in Another Case, and Attorney William H. Broome Was appointed to Plaintiff, who Later Revealed that He Had a "FEDERAL CRIMINAL LAW SEMINAR He Had to attend to in WILLIAMSBURG VIRGINIA". That Plaintiff Knew Nothing about, prior to Trial, and after the Prosecutions Adversarial Case in chief Had already been had and the Jury instructed and Retired for deliberations and a Subsequent ALLEN/DYNAMITE[1] Charge from

---

the Trial Court, did Trial Counsel disclose his desire/need To
Leave Trial, To Plaintiff, and allow Another attorney to Stand in
for Trial Counsel, and No valid waivers to Conflict-free Trial
Counsel had been Made, or arressed, and Trial Counsel was Totally
absent from Trial during JURY QUESTIONS[a] to the Court WHY
the Police Report was Not Submitted for Jury Considerations and
Plaintiff was denied Assistance of Trial Counsel (William. H. Broome)
at a CRITICAL STAGE, and is also implicative that Plaintiff was
Represented by an attorney with an Existing ACTUAL Conflict and
had divided Loyalties, AT TRIAL. (11) Thus, the Jury Rendered a
Repugnant Verdict to Mutually Exclusive charges, Repugnant To Both
FACT and LAW, and Repugnant to federal Constitutions, Byond a
Reasonable doubt Clause of the 14th Amendments due Process of Laws,
and Trial Counsel Could Not object to preserve error because He was Not
there and obviously did Not care More about plaintiff being Convicted
or Acquitted i.e. the Outcome of a Criminal Trial He defended against
(12) The Jury Verdict form (784.60) Reflecting the Trial Judges Hand-
writting Stating "we the Jury find the defendant, David Eugene
Sinquefield, Guilty of Rape 1st degree ...etc.", in the Space in
the Said form for the Jury to Write their Verdict, (the foreman)
To which All 5 Verdict forms were BLANK when Handed to the
Court Baliff, who in Turn Handed Said forms to the Jury's
foreman, IN PLAINTIFF's DIRECT PRESENCE and HIS TRIAL
LAWYER..... ("Plaintiff Contends that the Trial Judge wrote

[a] Plaintiff was locked in Bathroom/Holding Cell during Jury Questions.

An abbreviated charge in the Top left Hand Corner of Each Verdict form ... i.e. "Sod. 1st de.", "Sex Mis.", "Rape 1st de.", "Sex Mis." "ALG." and during Court instructions POINTED to each abbreviation and form to fill out Corresponding to their Verdict and Printed the Said Jury Foremans Name under the line Provided for the Foremans Signature and left a Big Blank Square in Said forms for Writing their Verdict.") (13) at the Bottom of a Sentencing Order (784.60) Reflects a Trial Court Order "def. To Remain in the County Jail until Post Trial Motions, if Any, Are Considered by the Court," after imposing a 60 YEAR [3.] Sentence upon plaintiff On June 27 2001 (14) thus, Trial Counsel Repeatedly told plaintiff He did Not Want to Handle the Appeal and withdrew as Counsel On day of Sentencing and the Court appointed a Mr. Randy T. Moeller, attorney at Law, for purposes of Appeal who filed a Motion for New Trial On August 15th 2001 Arguing that the verdict is Contrary to Law, 2. The verdict is Contrary to the Weight of the evidence 2 the defendant was denied a fair and impartial Trial. (Copy of Motion for New Trial attached) (15) See Exp. Ground (E) of Motion for New Trial that plaintiff Contends Was a ground for An Acquittal to this charge (784.60) that the [Jury] Gave the accused, How alleged "FORCED ORAL SEX" Testimony Has Been altered in the Trial Court Records, which Are Substancially False (emph. added) (16) thus, appellate Counsel Perfected a direct Appeal On Behalf of plaintiff to the Court of Criminal Appeals and FAILED to Present Any Due Process Challenge to the Sufficiency of the evidence, which Was

---

3. As Motive for Suspected Parties To attempt Murder Solicitation again.

(10)

Plaintiff's Federal due Process RIGHTS on direct Appeal at the last Stage of the GUILT/INNOCENCE process, on Consideration of the Case as it was Tried and As the issues were determined in the Trial Court Presnell vs. Georgia. 439 U.S. 14, 58 L. ed. 2d. 207 (1978); Evitts vs. Lucey, 469 U.S. 387, 83 L. ed. 2d. 821 (1985) ... "[83 L. Ed. 2d. At 835] ... Having Made the appeal the final Step in the adjudication of guilt or innocence of the individual. Griffin vs. Illinois, 351 U.S. 12, 20, 100 L. ed. 891, 76 S. ct. 585 (1956); Decision: effective Assistance of Counsel on First appeal as of Right Held guaranteed by due Process clause of 14[th] amendment..... (17) Thus Plaintiff's Appellate Counsel Stated OPINIONS to Plaintiff's alleged GUILT to BOTH offenses in a Letter of Correspondance dated DECEMBER 26[th] 2001, after He filed His Brief on direct Appeal on DECEMBER 3[rd] 2001 and also implied that Sexual intercourse alone with Plaintiff was RAPE 1[st]... And Sufficient to Convict Me... (18) Plaintiff also filed a Letter On direct Appeal, which Should have Been Construed as a Brief inasmuch Plaintiff Raised Arguments and Claims that He was due to Be Acquitted alleging that the Said Prosecution failed to Prove PENETRATION element, among other issues, But was precluded from ACCESSING the COURT by Rule 31(A) Ala. R. App. Proc. and His Being Represented by Counsel in the appeal.... (19) Thus, the Said direct Appeal and the Courts appellate Procedures, failed to CONFORM to the Federal Constitutions EQUAL PROTECTION and due PROCESS Clauses

See Amended Headings at pages (22 - 25)

(11)

of the 6th and 14th amendments, and the Said State Courts have knowingly and intentionally, Substancially Errored in Making any LEGAL, PROPERLY PERMISSIBLE, and SUFFICIENT determinations that the [Plaintiff] "Engaged in felony/Misdemeanor Conduct described By article 4 Sexual offenses 13A-6-60 defining 13A-6-61 the Subject Matter of the indictment (784.60) and thus, Made No Showing that the defendant was/is Guilty as charged of Rape 1[st] degree or of any lesser included offense, in which to ADJUDICATE plaintiff Guilty and impose any Term of imprisonment in alabama's Dept. of Corrections" and Such Errors willfully with Evil intent Committed, that are and Should have Been, held as Sufficiently EGREGIOUS to allowing Plaintiff to dispense with State Court Rules of Criminal procedure and hold the Plaintiff's Original Habeas Corpus CV-02-H-3004-E As Plaintiff's Most EFFECTIVE COLLATERAL CHALLENGE to his Conviction, to "Guard against Extream Malfunctions in the State Criminal Justice Systems" and thus, Should have employed the Courts POWER to Protect the defendants Constitutional Rights to be free from ARBITRARY arrest and detention.

c. thus in June of 2003, Plaintiff wrote letters to 10 of his Jurors of Record Telling them that his Trial Records were Substancially Altered and did NOT reflect the true events and Testimonies of Plaintiff's Trial requesting them to Come forward to the federal Court (Birmingham) and tell them what

Happened, and Plaintiff was ORDERED by Ms. Gwendolyn C. Mosely Not to Contact his Jurors again and was given a Verbal Warning.

7. Thus, in December of 2003, Plaintiff Wrote his Jurors AGAIN, stating that a Copy of his letter to them was Being Mailed to the United States Justice department and that He would sure feel Bad if the Said dept. investigated and discovered that the Plaintiff Contacted them ( Now Twice ) and told them that his Trial Records were False and they ( Jurors ) failed to Come forward that they could end up charged with Felony obstruction of Justice, to which, AGAIN, Plaintiff was ORDERED by Said Warden, Not to Contact Said Jurors again, and thereafter, Wrote Plaintiff a DISCIPLINARY REPORT, that Plaintiff Plead "GUILTY" to but objected that the Said disciplinary Report was Not Served within 10 Calendar days, as per A.R. 403 Section 2 due Process and Subsequently disapproved with No Reinitiation.

8. Thus, Comes Plaintiff to the Actual Subject Matter of this Complaint against Said defendants James H. Hancock and Paul W. Greene [THAT] in January of 2004, Plaintiff's Jurors of Record, DID, Come forward to Said defendants and Substantially CORROBORATE an indigent Prisoner's Original Habeas Corpus §2254 As factually True and Establishing

(13)

sufficient testimony impeaching the Trial Courts Records i.e. Tapes/Transcripts as Genuinelly false and Plaintiffs resulting underlying Conviction as a product of CRIMINAL ACTs under Color of State Law, in Violation of Title 18 U.S.C.S. §241 and §242 Codileded as "FEDERAL CRIMINAL CIVIL RIGHTS STATUTES" and thus, establling that Plaintiff is in State Custody in Violation of the United States Constitution, a federal Statute or a Treaty See Rose vs. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed. 2d. 162 (1975) (Per Curiam) 28 U.S.C. §2241(c)(3). and Entitled to Relief.

9. and Said defendants FAIL to properly Act and Employ federal intervention authority, and Protect Thir Citizens RIGHTS under federal Constitions Bill of Rights, applicable to State officials and proceedings under the 14th Amendment.

10. Thus On June 28 2004, the Trial Court Conducted An evidentiary Hearing On Plaintiff's Rule 32 PostConviction Petition filed on July 8 2003 ( THE Only Rule 32 filed in This Cause) exhausted to alabama Supreme Court abd denied State Certiorari Review May 12 2006, #1050248 to alabama Court of Criminal appeals CR-04-1513 (cc. 2000-784.60) whereof, at Said Evid. Hearing SIX of Plaintiffs Jurors, PERJURED themselves under Oath, Hereinunder Named, thus, FUNDAMENTAL MISCARRIAGES OF JUSTICE and intentional Violations of federal Law and Plaintiff's Rights

(14)

ARE Continuing Against Plaintiff, Rendering Plaintiff as a Criminal Victim of Alabama's State Criminal Justice System With EVIL underlying Motives: "The 'Touchstone' of due Process is Protection of the individual AGAINST arbitrary Action of Government. Dent vs West Virginia, 129 U.S. 114, 123, 32 L.Ed. 623, 9 S.Ct. 231 (1889)

11. Thus, there are No Rape Kit Medical Examinations or Body Charts, Conducted On Ms. Sharon J. Allen, No Evidence that a "CRIME" ever Occurred i.e. No FRUITS of any Criminal Activity, and The Subject Matter of this Cause (784.60) is (A) Jurisdictional and (B) PROPERLY brought before this Court as Cognicable Issues, See 34 Geo. L.J. Ann. Rev. Crim. Proc. 849 (2005)   2646   Jackson vs. Virginia, 442 U.S. 307 319 (1979); and Carlson vs. GREEN, 446 U.S. 14 18 (1980) (when a Person Acts Under federal Authority deprives a prisoner of his/ Her Constitutional Rights, The Prisoner May Seek Redress directly under the Constitution.) 34 Geo. L.J. Ann. Rev. Crim. Proc. 960 (2005)

(12) Thus, Plaintiff Marks as ADMISSIBLE EVIDENCE in Support of this Complaint, The State Records in this Cause cc. 2000-784.60, direct Appeal CR-00-2207 and all documents in Appellate Court CLERKS FILES, Rule 32 Proceedings And Appeal CR-04-1513, Cert. Petition 1050748, as EXHIBITS "A" and "Ab", and Habeas Corpus PETITIONS Styled as

CV ~ 02 ~ H ~ 3004 ~ E , CV ~ 03 ~ P ~ 2383 ~ E , And CV ~ 04 ~ G ~ 0256 ~ E , As Exhibits (B)(C) and (D) , And Contends That all Contentions Made By Plaintiff in this Complaint and other Legal Proceedings, As Sufficient Cause To Raise Enough "SUSPICION" to grant plaintiff his Request for a Federal Evidentiary Hearing and allow Plaintiff To Reassemble the Said Jury As a whole, Before this Court, in front of the Plaintiff, with Honorable Troy King as Appearing On Behalf of the State, and No Prosecutor's or Trial Judge of Record or defendants James H. Hancock or Paul W. Greene Being Within EYE CONTACT of Said Jurors during Said Hearing, And To allow Plaintiff (or the Court) To Convey to them that Plaintiff has No intent to file charges or Lawsuits against them. ( THEY Had No Mental Culpability to Commit a Crime against Plaintiff).


( CONCLUSION )


Plaintiff Has Been and is Being Criminally Judicially Victimized By the 7th Judicial Circuit Court of Calhoun Co. under Color of State Law, and The Federal Judiciary in Birmingham Alabama Has direct Knowledge of these Events and Fails To Act To Enforce The Federal Constitution and Title 18 U.S.C.S. §241 and §242.


(16)

Moreover, Plaintiff's Memorandum of Criminal Law amending Ground One of His Rule 32 Petition in CR-04-1513 Vol. #2 of 3 at (C. 240) on the ELEMENTS of the Said indictment SUPPORT His Contention that PENETRATION was Not Proven in this Cause (784.60) and Smelcher vs. Alabama, 947 F. 2d. 1472 (11th Cir. 1991) 4. Crim. Law ∞795 (2.80) footnote 2 Citing Ex Parte Cordar. 538 So. 2d. 1246 (Ala. 1988) and Said Memorandum of Law at (C. 246) Citing Ex Parte Cordar, Supra and §13A-1-3 Purpose (6) To Prevent Arbitrary or Oppressive Treatment of Persons Accused or Convicted of offenses, and §13A-2-1 definitions (1) Act A Bodily Movement, and Such Term includes Possession of Property .... imply that Ms. Allen's TESTIMONY is Not Inferable of Any Act and to Conclude Otherwise is Arbitrary.

## ( RELIEF SOUGHT )

1. To award plaintiff One Million dollars Punitive / Compensative damages upon Proof at Hearing of Jury Tampering and discloser of the defendants Knowledge and failure to Act, and To declare Plaintiff NOT GUILTY of this charge (784.60) and To discharge Plaintiff from State Custody, and Order Gwendolynn C. Mosely Not to Transfer or Segregate Plaintiff due to this Cause.

Names & Addresses of Jurors

**Forced into Willful Perjury**

Tommy A. Cobb
6016 Glade Rd. lot #55
Anniston, Ala. 36206

Joe Turner Escue Jr.     No show
1201 Ashton Ct.
Anniston, Ala. 36207

Linda C. Hill
P.O. Box 183
Ohatchee, Ala. 36271

Burton R. Weyerman     No show
1833 Mitchellville Rd.
Ohatchee, Ala. 36271

Michael A. Epps
178 Lynn Dr.
Anniston, Ala. 36201

Ross L. Morris     No show
609 W. 14th St.
Anniston, Ala. 36201

James A. Parris
3752 Wellington Rd.
Jacksonville, Ala. 36265

Gordan A. Horsley     No show
5226 Melody Lane
Anniston, Ala. 36206

Danny R. Luckett
1120 Forest Lane
Anniston, Ala. 36207

Todd A. Hamilton     No show
243 Mary drive
Jacksonville Ala. 36265

Emmit T. Hicks
900 Juliette Rd.
Oxford, Ala. 36203

Rodney L. Lowe     No show
146 Kenyon dr.
Ohatchee, Ala. 36271

(18)

Exhibit C     155
76

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

STATE OF ALABAMA,             *

VS.                           *        CC 2000-784-MBS     **FILED**

DAVID EUGENE SINQUEFIELD,*                       AUG 1 5 2001

DEFENDANT.            *                      TED HOOKS
                                            CIRCUIT CLERK
                                         CALHOUN COUNTY, AL

## MOTION FOR NEW TRIAL

COMES NOW the defendant, by and through his undersigned attorney, and moves the Court to set aside the verdict and to grant him a new trial for the following reasons:

1.     The verdict is contrary to law; and/or

2.     The verdict is contrary to the weight of the evidence; and/or

3.     The defendant was denied a fair and impartial trial.

In support of these assertions, the defendant would show the following:

a.     There was insufficient evidence of forcible compulsion presented by the victim, the only witness who testified regarding forcible compulsion;

b.     Defendant was denied his right to a speedy trial, as his trial was held almost eight months after the defendant, through counsel, filed a Motion for Speedy Trial;

c.     The Allen charge given by the Court to the jury unduly and improperly influenced the jury to find the defendant guilty by urging them to consider the costs associated with retrying the defendant should they not reach a verdict.

d.     The testimony of Dr. Randolph was improperly introduced. It is the understanding of the undersigned that Dr. Randolph had no first hand knowledge of either the crime or the matters to which he testified. His testimony was based on the records of a counselor, whose testimony was excluded by the Court.

e.     The testimony of the victim was that the defendant forced her to perform oral sex on him, which led him to be angry, which in turn led the

(19)

156 77

defendant to rape and further sodomize her. However, the jury found the defendant not guilty of the sodomy and guilty of the rape, which is inconsistent with the testimony of the complaining witness. It logically follows that if the defendant was found not guilty of the sodomy (the catalyst, by the victim's testimony, for the rape) he must be found not guilty of the rape.

f.     There was insufficient evidence to support the allegation that there was sexual intercourse, whether by forcible compulsion or otherwise. The victim testified that the defendant and the victim had sex, but never defined what sex was, in particular the penis penetrating the vagina – a showing required for a conviction of rape.

Respectfully submitted this _14th_ day of August, 2001.

Randy J. Moeller       MOE006
Attorney for Defendant
P.O. Box 846
Anniston, AL  36202
(256) 237-8815

### Certificate of Service

I, the undersigned, hereby certify that on the _14th_ day of _August_ 20_01_, the foregoing was served upon all counsel of record and parties *pro se* by placing a copy of same in the United States Mail, properly addressed, first class postage prepaid.

Randy J. Moeller

(20)

<u>Certificate of Service</u>

I DAVID EUGENE SINGLEFIELD, HEREBY STATES PURSUANT TO 28 U.S.C. §1744 UNDER PENALTY FOR PERJURY THAT ON THIS the 16th day of November 2006, placed the foregoing "BIVENS ACTION" Complaint in the United States Postal Service, via the Easterling Correctional Facility's Inmate Legal Mail Box, Properly addressed As follows To Wit:

Ms. Debra Hackett, Clerk
United States district Court
Middle district of alabama
United States Courthouse
P.o. Box 711
Montgomery, alabama 36101

Sworn to and Subscribed
Before me By _____
Notary Public On this the
14 day of NOV 2006
My Commission Expires
6-7-2010 .

David E. Singlefield   Pro Se
Ais 218635        68/105
Easterling Corr. Facility
Lee Wallace     drive
Clio        Ala.      36017

(21)

Amended Pleadings

Amending Pages (11) and (15)

The following Supports the Said Pleadings, implicative PLAINLY, that plaintiff has Been "WILLFULLY" deprived his Federal Rights Secured Him Under the 4th, 6th, 8th, 13th and 14th amendments to the United States Constitution:

" ' The Burden of Proof Consists of Two Parts: The Burden of production And the Burden of Persuasion. The Party Bearing the Burden of Production Must Produce Enough evidence to Put a fact in issue. The Burden of Production is Usually Borne by the party who First Pleads the Existance of a fact Not yet in issue, But this Burden Can shift from One Party to Another. If a Party fails to Sustain it's Burden of Production, That Party is Subject to an adverse Ruling by the [Court]. For instance, the Prosecution has the Burden of production on EVERY element of the offense charged. If the Government fails to Produce Sufficient evidence for Any element, thereby Not bringing the fact into issue, the Judge may direct a Verdict in the defendants favor. For General discussion See LaFave Crim. Law §1.8 (4[th] ed. 2003) and McCormick Evidence §§ 334-337 (5[th] ed. 1999) The party Bearing the Burden of Persuasion Must Convince the Factfinder that a "fact" in issue Should be decided in a Certain Way. The due process Clause Places on The prosecution the Burden of Persuasion On Every element

(22)

of the Crime changed; Only Rarely does The Burden Shift to
the defendant. See "Proof Issues" 34 Geo. L. J. Ann. Rev. Crim.
Proc. 627 & 628 (2005). .... ACCORDINGLY, plaintiff Was/
is Entitled to a Judgement of ACQUITTAL in this Said Same
Cause (cc-2000-784.60) and a Fundamental Miscarriage of
Justice is SUSTAINED against plaintiff.-- INTERVENTION
by federal Authority Was/is Plainly Evident, and fails to
Act.---

Title 18 u.s.c.s. §241 States: Conspiracy Against
Rights;

"If Two or More persons Conspire to injure
OPPRESS threaten or intimidate Any person
in Any State, Territory, Commonwealth, Possession
or district in the free Exercise or Enjoyment
of Any Right or privilege Secured to Him by the
Constitution or Laws of the United States, or
Because of His Having So Exercized the Same..."

Thus See Title 18 u.s.c.s. §242 Deprivation of Rights
Under Color of Law, "II elements of Crime 9. Generally,
Infra;

(I The Plaintiff: Burden of Proof under this
Title and Section [are] all State Court Records
and federal Habeas petitions, that Plaintiff Has
Been or is Being Unreasonably and ARBITRARY
OPPRESSED by State and federal authority.))

(23)

Thus, elements of offense described in 18 u.s.c.s. §242 Are: defendants Acts must have deprived Someone of Right Secured or Protected by Constitution or Laws of the United States: defendants illegal Acts must have Been Committed under Color of Law: Person deprived of His Rights must have Been An inhabitant of State, Territory or district: and defendant must have Acted willfully. United States vs. Senak, 477 F. 2d. 304 (Cir. Ind. 1973) Cert. denied, 414 U.S. 856, 38 L.ed. 2d. 105.

Thus, THE ELEMENTS Sufficient To establish the PROBABLE CAUSE Requirement, Can Be Readily Inferred Here, that plaintiff Has indeed Been CONSPIRED against to deprive Him of His Constitutional Rights under FEDERAL LAW, and is thus COGNIZABLE Before This Court, insofar as the PRINCIPLES of JURISDICTION Held in Eagle vs. Linahan, 279 F. 3d. 926, 933 n. 9 (11th Cir. 2001) That a State Prisoners Habeas Corpus May Be Brought (".... in district Where Convicted or Where Confied.") See 34 Geo. d. J. Ann. Rev. Crim. proc. 844 (2005) .... Thus, FEDERAl district Courts Must Have Judicial "POLICE" authority over Other Federal district Courts of the Same State.

AGAIN, Plaintiff Contends, That if Granted His Request for a Hearing And Subpoena All 12 JURORS AS A WHOLE, his "COVER UP" Claim Will be PROVEN.

(24)

Thus, it is MORE PROBABLE, that a Judicial Conspiracy under Color of Law EXISTS against Plaintiff at State and Federal Levels than any PROBABILITIES that ANY Sexual Activity Ever Occurred Between Plaintiff and the Alleged Victim the Subject Matter Night in question.... i.e. March 17th 2000.

ACCORDINGLY, plaintiff Moves for Judicial Notice of Two "ACTUAL FACTS,"

(1) It's Plaintiff's WORD against Ms. Allen's WORD, and There Was NEVER any GENUINE MATERIAL ISSUE of FACT for Trial Here (cc ~ 2000 ~ 783 and 784) and Plaintiff STILL Convicted.

(2.) In Walton vs. Briley, 361 F.3d. 431 (7th Cir. 2004) 1. HABEAS Corpus ∞766 A.E.D.P.A. did Not Apply To Habeas Claim that Was Not adjudicated On the Merits in State Court 28 u.s.c.a. §2254.... .... See Williams vs. Taylor, 529 u.s. 362, 412, 120 S.ct. 1495, 146 L. Ed. 2d. 389 (2000).... in Walton vs. Briley, Supra, Petitioner Was Convicted in (1980's) (emph. added) .... Thus, plaintiff Contends that the Essential Element of "VAGINAL PENETRATION by his PENIS" Was Not PROVEN Here (784.60) Raised PRO SE on direct appeal and in Rule 32 petition and appeal pursuant to Rule 32.1 (E) ala. R. Crim. Pro. NEWLY discovered MATERIAL FACTS EXIST... etc. etc. ... and REMAINS UNADJUDICATED ON THE MERITS IN STATE COURT.....

(25)