IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RECEIVED

2006 DEC 20  A 9: 23

ᗡᗡᗡ R. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

David Eugene Singuefield,          *
           Plaintiff,              *

      vs.,                         *        2:06 - CV - 1062 - MEF
James H. Hancock, et. al.,         *               (WO)
           Defendants.             *


ADDITIONAL OBJECTIONS


Comes Now, David Eugene Singuefield, Pro Se, and Submits this his further objections to said Recommendation to be Considered by the Court, to Reject, Modify, Overrule or stay said Recommendation and allow plaintiff to Continue on with this Action, to wit:


OBJECTION #6


Plaintiff Submits:


CONSTITUTION OF THE UNITED STATES
PREAMBLE


WE THE PEOPLE, [DAVID EUGENE SINGUEFIELD] of the united States, in order to form a more Perfect union ESTABLISH JUSTICE, insure domestic Tranquility, Provid for the

Common defence, Promote the GENERAL welfare
and SECURE THE BLESSINGS OF LIBERTY To OUR-
SELVES and our Posterity, do Ordain and Establish
this CONSTITUTION for the united States of America
Et. Seq. . . .


                        ARTICLE III


Section 2. the Judicial power shall Extend to all Cases in Law and
equity, Arising under this Constitution, the Laws of the united
states, and Treaties Made, or which Shall be Made under their
Authority; . . . ~ To Controversies To which the united States shall be a
Party . . . . . ~ between Citizens of the Same State and between a State
or the Citizens Thereof . . .


   . . . Plaintiff is a Citizen of the united States and the
State of Alabama Born May 29 1968. Calhoun County
Anniston Alabama s.s.n. # 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 And is Claiming
this CONSTITUTION for Himself and All equal protections
and due process thereof in the instant Action and
with Respect to cc-2000-784.60 and All Constitutional
Amendments to which [He] is Otherwise Entitled,
Alleging a Controversy between Himself and the State
of Alabama and the united States district Court for the


                        (2)

Northern district of Alabama, a governmental Conspiracy under Color of Law, that abridges this plaintiff's Constitutional Rights as alleged in the Said Complaint and all these written objections...

CONSTITUTIONAL AMENDMENT
XIII

"NEITHER Slavery Nor involuntary Servitude except as Punishment for Crime whereof the Party Shall Have Been duly Convicted, shall Exist Within the United States or Any Place Subject to their Jurisdiction."

Thus, Plaintiff Contends that [His] federally Protected Constitutional Rights are Being Knowingly and Intentionally with Evil Malice and Reckless indifference [WILLFULL] engaging in a CRIMINAL CONSPIRACY under Color of Law To abridge His Constitutional Rights and Cause Him to Be Subjugated in involuntary Servitude for a Crime whereof He Has Not Been duly CONVICTED and Has No LEGAL SUBSTANCE for His CONTINUED incarceration in the Easterling Correctional facility, for the [PURPOSE] of evading CIVIL LIABILITIES, that Said Acts Are not Encompassed by Absolute or qualified immunities, as alleged in the instant Complaint and thus, Violated plaintiff's Constitutional Rights

(3)

under the Thirteenth amendment quoted above.

See Satter vs. Leaply, 977 F. 2d. 1259 (8th Cir 1992)
(To Satisfy Exhaustion Requirement petitioner who
Raised Claim in direct Appeal Need Not Raise it
again in State PostConviction).

"Plaintiff RAISED claim on direct Appeal
that Sexual penial PENETRATION Was Not Proven
(cc-2000-784.60) But Said Claim Was BARRED
from direct REVIEW. See Clerks Records in
CR-00-2207. "Pro Se issues," ignored by
James H. Hancock, Paul W. Greene, cv-02-H-3004-E."

See McKinstle vs. Wiggins, 465 U.S. 168 (1984) [8-11]
....ie He (Appellant) must be Allowed To determine the
Content of His appellate Brief. id at 178.

See Tredrickson vs. Wood, 87 F. 3d. 244 (8th Cir. 1996)
(Exhaustion Requirement Not Satisfied when Petitioner
Failed To Refer Specifically To federal Constitutional
Right or Relevant Case Law in Claim before State
Court.)

Thus See State evidentiary Hearing Records
At Vol. #2 of 3 Clerks Record (C. 234-252) CASE LAW
in Support of Prosecutions Failure To Prove ESSENTIAL

(4)

ELEMENT of Sexual [penial] penetration, Relevant To a RAPE KIT MEDICAL EXAMINATION as CRITICAL in This Cause cc-2000-784.60.

These Reckless and Malicious Judicial proceedings are Rendered UNPUBLISHED by the Courts of alabama, and Are the MEANS To (A) Cover up a Solicited Murder Contract By the individual whom APPEARS in Plaintiff's Rape Flyer Exhibit attached to Habeas Corpus Action cv-04-S-0754-S and State appellate Court Briefs CR-04-1513, a Mr. Faron duel Benefield And (B) To Cause Plaintiff Severe intentional emotional distress and Thus, Should be Viewed by the Court as Sufficient To Meet the "imminent danger" exception.

Thus, plaintiff Has made a showing of a Cause of Action To Commence this Suit and despite any Views that plaintiff Has not Met the Said Exception, the Stated Claims, Viewed Under the Relevant Federal Rules of evidence, Must be Sufficient Cause To Allow plaintiff To OVERCOME Said Recommendation. See Ouimette vs. Moran, 942 F. 2d. 2, 13, (1st Cir. 1991) (Federal Court Has Broad discretionary Powers under §2243; due Process Violation from prosecutions Cover up And Censorship of Star Witnesses Criminal Record Warranted unconditional Release of Petitioner.)

( 5 )

OBJECTION #7

Plaintiff finally objects that the instant Complaint is a "BIVENS ACTION" against def. James H. Hancock, and Paul W. Greene Acting under Color of Federal Authority and Plaintiff is Seeking Redress directly under the Federal Constitutions 1st amend. "Right of Access to the Courts", 4th amend. "Right to be free from all Arbitrary Arrests and detention without Probable Cause," 6th amend. "Right to effective Assistance of Counsel, impartial Judge ([Structural]) and Jury", 8th amend. "Right to be free from Cruel and unusual Judicial proceedings", 13th amend. "Right against involuntary Servitude", and 14th amend. "Right to Equal Protection and due Process of Law".

Defendants James H. Hancock and Paul W. Greene Cannot be Sued pursuant to 42 U.S.C. §1983 and Therefore, this Complaint CANNOT be Construed by the Court as a Section 1983 Civil Rights Complaint.

CONCLUSION

The Said Recommendation is due to Be Rejected, Modified, Overruled or Stayed to further Objective Law and the Constitutions PREAMBLE.

( 6 )

Certificate of Service

I David E. Singuefield, Plaintiff, Pursuant to 28 U.S.C. §1746 under Penalty for Perjury, States that On this the 14th day of December 2006 placed the foregoing additional whitten objections in the Easterling Correctional Facility: Inmate Legal Mail Box, properly addressed as follows, to wit:

Debra P. Hackett, Clerk
United States district Court
for the Middle district of Alabama
United States Courthouse
P.o. Box 711
Montgomery, Ala.  36101

David E. Singuefield
David E. Singuefield Pro Se
Ais 218635          SA-1
Easterling Correctional Fac.
200 Wallace dr.
Clio      Ala.     3607